UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENEL JOSEPH,

    Plaintiff,

v.                                            Case No.:  2:23-cv-564-SPC-NPM

CITY OF NAPLES, FLORIDA,
DALE DEAR, RICK DAVIS and
DAVID CRISP,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Kenel Joseph's Complaint for Violation of Civil Rights. (Doc. 1). Joseph is a prisoner of the Florida Department of Corrections (FDOC). He sues the City of Naples, Dale Dear, Rick Davis, and David Crisp under 42 U.S.C. § 1983. United States Magistrate Judge Nicholas Mizell granted Joseph leave to proceed *in forma pauperis* (Doc. 5), so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Joseph is representing himself in this action. Courts hold the pleadings of pro se litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a pro se litigant's complaint to find a claim. See *Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007). And pro se litigants must still comply with procedural rules applicable to ordinary civil litigation. See *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Joseph sues three Collier County Sheriffs, as well as the City of Naples for "false arrest," "false imprisonment," "malicious prosecution," and "illegal search and seizure." (Doc. 1 at 7). He does this based on his claim that three "CCSO deputies" pulled him over in 2019 while he was driving his fiancée's car

2

with a suspended license. (Doc. 1-1 at 3). A search of the car was conducted and "narcotics" were found. (Doc. 1-1 at 3). Joseph was "slammed . . . against the car and frisked . . . in a very violent manner." (Doc. 1-1 at 4). During this frisk, one of the deputies found a bottle of Mannitol. (Doc. 1-1 at 4). Presumably Joseph was arrested, because he also alleges that "during intake I was beat and tasered by CCSO jail officers during an off camera strip search." (Doc. 1-1 at 4).

Joseph's Complaint fails to plausibly state a claim against any of the named Defendants. The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The rules also require plaintiffs to set out their claims in separate, numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. Pro. 10(b). "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The main problem with shotgun pleadings is that they fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id. at 1323*. But shotgun pleadings are not just unfair to defendants. Resolving claims asserted in shotgun pleadings is "an undue tax on the Court's

3

resources." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). "Tolerating such behavior constitutes toleration of obstruction of justice." *Id.*

The Eleventh Circuit has identified four types of shotgun pleadings, two of which are particularly relevant here: (1) pleadings which commit "the sin of not separating into a different count each cause of action or claim for relief," and (2) pleadings which commit "[the] sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland,* 792 F.3d at 1321-23.

It is impossible to tell from the Complaint which officer is alleged to have taken which action, and for what reason Joseph has sued Defendant City of Naples. Defendants cannot be expected to answer a complaint that does not clearly separate each cause of action into a different count and does not identify which Defendant each claim is being brought against. To continue prosecution of this case, Joseph must file an amended complaint that complies with federal pleading standards. The amended complaint must include clear and specific allegations against specific defendants.

And finally, Joseph has been warned before[1] that he cannot join multiple claims together in a single action if they did not arise out of the same

---

[1] This warning has been given to Joseph both in Case No. 2:23-cv-255-SPC-NPM and Case No. 2:23-cv-578-SPC-NPM.

transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-cv-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla 2017). Joseph's Complaint seems to address two separate occurrences: (1) a traffic stop that led to an arrest and (2) an incident "during intake." (Doc. 1-1 at 2-4). If Joseph is trying to make a claim about what happened during intake, he must file that claim in a separate complaint.

Accordingly, it is now

**ORDERED:**

Plaintiff Kenel Joseph's Complaint for Violation of Civil Rights (Doc. 1) is **DISMISSED without prejudice**. Joseph may file an amended complaint within **21 days of this Order**. **Otherwise, the Court will enter judgment and close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 25, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record